# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

BRADLEY E. GREEN,
            Appellant,

      v.

UNITED STATES POSTAL SERVICE,
            Agency.

DOCKET NUMBER
NY-0752-18-0034-I-1

DATE: January 31, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nolen Dean Boyer</u>, Esquire, New Hyde Park, New York, for the appellant.

<u>Rachel Demarest Gold</u>, Esquire, Brooklyn, New York, for the appellant.

<u>Ingrid Merritt</u>, Windsor, Connecticut, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed without a showing of good cause for the delay. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant does not challenge the administrative judge's finding that the appeal was untimely filed. Instead, he argues that the administrative judge erred when she concluded that his own negligence caused him to miss the filing deadline and disregarded his argument that he was experiencing technical difficulties on the Board's electronic filing system (e-Appeal Online) during the filing period. Petition for Review (PFR) File, Tab 1 at 1-6. He asserts that a malfunction on e-Appeal Online prevented him from completing the appeal and that the site was not operational on or around November 24, 2017. *Id.* at 3-5, 7-8. The Board's records show that, after he initiated the appeal on October 20, 2017, the appellant did not access his account until November 23, 2017—the only time he did so within the filing period. No outage or malfunction occurred on e-Appeal Online on or around November 24, 2017, as the appellant claimed. Our technical staff has advised that e-Appeal Online was operational throughout the filing period, except for 2-hour windows on November 4 and November 7, 2017. The brief down-time on November 4 and November 7 did not adversely affect the appellant or his counsel because they did not attempt to access e-Appeal Online on those days.

The appellant further argues that the administrative judge incorrectly analyzed the criteria that the Board considers in determining whether he has shown good cause to excuse his untimely filing. PFR File, Tab 1 at 7-11; *see Hairston v. Department of Defense*, 119 M.S.P.R. 162, ¶ 17 (2013), *modified on other grounds by Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 18 n.7 (2014); *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). He opines that he has exercised due diligence or ordinary prudence through his multiple attempts to submit the appeal, in spite of technical difficulties, on or around the filing deadline. PFR File, Tab 1 at 2-11. We find that the appellant has not made the requisite showing under the particular circumstances of the case. *See Alonzo*, 4 M.S.P.R. at 184. As discussed above, the Board's records show that e-Appeal Online was operational during the single occasion the appellant attempted to submit his appeal within the filing period. Even if we credit his assertion that technical difficulties on e-Appeal Online prevented him from timely submitting his appeal, the Board's records show, and the appellant does not dispute, that he failed to request technical assistance to resolve any issues or pursue alternate means to submit his appeal (e.g., fax or mail) before the filing deadline on November 27, 2017. Initial Appeal File, Tab 10 at 5.

Regarding any assertions he made below that were addressed by the administrative judge, we agree that the appellant did not demonstrate good cause to excuse the untimely filing of his appeal. We decline to consider any argument or evidence that he submits on the first time for review because he has failed to show that it was unavailable, despite his due diligence, when the record closed. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

_____

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:         *Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.